UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Abdirahman H.,

Petitioner,

v.

United States Citizenship and Immigration
Services et al.,

Respondents.

Case No. 20-cv-2185 (WMW/TNL)

**ORDER GRANTING RESPONDENTS'
PARTIAL MOTION TO DISMISS**

---

Respondents United States Citizenship and Immigration Services, Department of Homeland Security, Kenneth Cuccinelli, Chad Wolf and Leslie D. Tritten (Respondents) move to dismiss Petitioner Abdirahman H.'s Administrative Procedure Act (APA) claim for lack of jurisdiction because Petitioner has an adequate remedy at law under the Immigration and Nationality Act (INA). (Dkt. 12.) Petitioner does not contest the motion. For the reasons addressed herein, the Court grants Respondents' partial motion to dismiss.

### BACKGROUND

Petitioner is a citizen of Somalia who has been a Lawful Permanent Resident of the United States since April 21, 2005. Petitioner applied for naturalization, which the United States Citizenship and Immigration Services (USCIS) denied because Petitioner failed to respond to a request for evidence and because he "knowingly provided false information to the Internal Revenue Service on tax returns from 2010 to the present." In his petition for *de novo* review of USCIS's decision to deny his application for naturalization,

Petitioner asserts that this Court has jurisdiction under the INA, 8 U.S.C. § 1421(c), and the APA, 5 U.S.C. §§ 701 *et seq*.

## ANALYSIS

Federal courts are courts of limited jurisdiction and "possess only that power authorized by the Constitution and statute." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court must dismiss any claim over which subject-matter jurisdiction has not been conferred. Fed. R. Civ. P. 12(b)(1), (h)(3). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

A final agency action is not subject to judicial review under the APA when an "adequate remedy" at law exists elsewhere. *See* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." (emphasis added)). Title 8, United States Code, Section 1421(c), is the exclusive means to obtain judicial review of the denial of a naturalization application, as well as any claims arising out of or related to such denial. *Miriyeva v. U.S. Citizenship & Immigr. Servs.*, 436 F. Supp. 3d 170, 180–82 (D.D.C. 2019). The INA is an "adequate remedy" that precludes judicial review under the APA. *See Miriyeva*, 436 F. Supp. 3d at 184–86 (collecting cases).

Here, Petitioner simultaneously pleads a claim under the INA, 8 U.S.C. § 1421(c), and a claim under the APA, 5 U.S.C. §§ 701 *et seq*., both arising from the denial of his

naturalization application.  The Court concludes, and Petitioner does not dispute, that *de novo* review under the INA is an "adequate remedy" and, therefore, Petitioner's APA claim must be dismissed for lack of subject-matter jurisdiction.  5 U.S.C. § 704; *see also Miriyeva*, 436 F. Supp. 3d at 186.

Accordingly, the Court dismisses Petitioner's APA claim for lack of subject-matter jurisdiction.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.    Respondents' partial motion to dismiss, (Dkt. 12), is **GRANTED**.

2.    Petitioner's APA claim is **DISMISSED WITHOUT PREJUDICE**.


Dated:  April 22, 2021                                  s/Wilhelmina M. Wright
                                                                  Wilhelmina M. Wright
                                                                  United States District Judge